IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAN H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1363-BN |
| | § | |
| | § | |
| ANDREW SAUL, Commissioner of | § | |
| Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jan H. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled as a result of peripheral vascular disease, carotid stenosis, hyperlipidemia, hypertension, anxiety disorder, and major depressive disorder. *See* Dkt. No. 12-1 at 15, 17. Plaintiff has a high school education and past work experience as a data entry clerk. *See id.* at 24. Plaintiff has not engaged in substantial gainful activity since February 21, 2017. *See id.* at 17.

After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on

October 2, 2019. *See id.* at 12-29. At the time of the hearing, Plaintiff was 63 years old. *See id.* at 483.

After the hearing, the ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 15. The ALJ concluded that the medical evidence established Plaintiff's peripheral vascular disease, carotid stenosis, hyperlipidemia, hypertension, anxiety disorder, and major depressive disorder were severe, but that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 17-20. The ALJ further determined that Plaintiff had the residual functional capacity to perform light work with some limitations. *See id.* at 20. Based on her RFC determination, the ALJ found that Plaintiff could perform her past work as a data entry clerk and denied benefits. *See id.* at 24.

Plaintiff appealed that decision to the Appeals Council. And the Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two grounds: (1) the assessment of her RFC is not supported by substantial evidence because the ALJ failed to properly asses the relevant medical evidence, and (2) the ALJ failed to properly assess her subjective complaints and exemplary work history. *See* Dkt. No. 17.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a

whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued

period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff's first argument – that the ALJ's RFC determination is not supported by substantial evidence – is persuasive and compels remand. [2]

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277

---

[2] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

(5th Cir. 2016) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ makes an RFC determination based on all the relevant medical and other evidence in the record," *Gonzales v. Colvin*, No. 3:15-cv-0685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (citing 20 C.F.R. § 404.1545(a)(1)), and "is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Fontenot*, 661 F. App'x at 277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)).

But the ALJ "is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence." *Melvin v. Astrue*, No. 1:08-cv-264-SAA, 2010 WL 908495, at *4 (N.D. Miss. Mar. 9, 2010). "Consequently, when the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Garcia v. Berryhill*, No. EP-17-cv-00263-ATB, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018).

Here, the ALJ rejected the only medical opinion that assessed the extent that Plaintiff's physical impairments affected her ability to work. That treating-source medical-opinion, submitted by Plaintiff's physician, Craig Nelon, D.O. on September 6, 2018, stated that Plaintiff "could perform work at the sedentary exertional level with limitations in sitting, standing, pushing, pulling, and her postural and environmental abilities due to her cardiovascular and orthopedic impairments." Dkt.

No. 12-1 at 18; *see also id.* at 483-488. Specifically, Dr. Nelon stated that Plaintiff could sit for only two hours a day and stand for only one hour. *Id.* at 483.

The ALJ rejected Dr. Nelon's opinion because she found it was "inconsistent with, and unsupported by the medical evidence of record, which shows grossly normal physical examinations and minimal treatment for" Plaintiff's impairments. *Id.* at 18. Based on the remaining record medical evidence, the ALJ determined that Plaintiff could perform light work, *see id.* at 20, which "requires a good deal of walking or standing, or … sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

But, without Dr. Nelon's opinion, "the record does not clearly establish … the effect [Plaintiff]'s condition had on [her] ability to work." *Ripley*, 67 F.3d at 557. Indeed, none of the medical records cited by the ALJ indicate that, contrary to Dr. Nelon's findings, Plaintiff was able to sit, stand, and walk the amount of time necessary to meet the physical demands of light work. *See Williams v. Astrue*, 355 F. App'x 828, 831 (5th Cir. 2009) (rejecting ALJ's RFC finding where record contained "no evidence supporting the ALJ's finding" that the plaintiff could "stand or walk for six hours in an eight-hour workday") (emphasis omitted).

The Commissioner contends that the ALJ was not required to accept Dr. Nelon's opinion or his specific RFC findings. *See* Dkt. No. 19 at 4-5. The Commissioner is correct that "the determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor*, 706 F.3d at 602-03. And, as the Commissioner correctly notes, "[a]n ALJ is free to reject the opinion of any physician when the

evidence supports a contrary conclusion." Dkt. No. 19 at 6 (citing *Martinez v. Chater*, 64 F. 3d 172, 176 (5th Cir. 1995)). But when determining a claimant's RFC, the ALJ is not permitted to "draw [her] own medical conclusions from some of the data, without relying on a medical expert's help." *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003) (noting "[c]ommon sense can mislead" and "lay intuitions about medical phenomena are often wrong"). The ALJ may not, as she did here, "'substitute her lay opinion for the uncontroverted medical opinion of the only physician who opined concerning the effects' of the claimant's impairments." *Lasher v. Berryhill*, No. A-17-cv-464 AWA, 2018 WL 4560215, at *3 (W.D. Tex. Sept. 21, 2018) (quoting *Garcia*, 2018 WL 1513688, at *2).

The Commissioner also contends that the ALJ properly evaluated Dr. Nelon's opinion and the record evidence supports her decision. *See* Dkt. No. 19 at 5-7. Assuming the ALJ considered the proper factors when she found Dr. Nelon's opinion not persuasive, "there is still *no* evidence supporting the ALJ's finding that" Plaintiff can perform light work, including the necessary standing, walking, or sitting it requires. *Williams*, 355 F. App'x at 831. In support of her decision, the ALJ cites to examination notes showing normal findings and effective treatments, including that Plaintiff had a normal gait and no difficulty standing. *See* Dkt. No. 12-1 at 21-22. But, as the undersigned explained in *Montoya v. Berryhill*, pointing only to "examination results, medical history, and work history" when making an RFC determination "is not sufficient. These documents may speak to [the claimant]'s symptoms at a few moments in time. But, on their own, they do not speak to 'the

effect [the claimant's] condition had on [her] ability to work.'" No. 3:16-cv-1594-D-BN, 2017 WL 3835950, at *4 (N.D. Tex. Aug. 1, 2017) (quoting *Ripley*, 67 F.3d at 557-58).

The Court concludes that the ALJ's physical RFC finding is not supported by substantial evidence and the ALJ's failure to consider the opinion of a treating or examining physician to help her determine Plaintiff's physical RFC is material and prejudicial.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: September 3, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE